IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD SCOTT,

      Petitioner,                       No. CIV S-08-3151 DAD P

   vs.

CAL. STATE PRISON et al.,         ORDER AND

      Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of mandamus. In accordance with the court's January 8, 2009 order, petitioner has also filed an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

On November 21, 2008, petitioner commenced this action by filing a petition for writ of mandamus in the United States District Court for the Northern District of California. On December 18, 2008, the Northern District transferred the case here.

In his petition for writ of mandamus, petitioner alleges that he was housed in the administrative segregation unit at CSP-Sacramento until November 7, 2008, when Correctional Officer Simons told him that he was being transferred to Mule Creek State Prison. Petitioner alleges that Officer Simons collected his property, including his legal materials, letters from his family, religious books, and hygiene items. Petitioner claims that Correctional Officer Cervantes then told him that his property would transfer with him, but petitioner maintains that he still has not received his property. Petitioner acknowledges that an administrative appeals process is available to him at his prison, but he claims that prison officials deliberately delay the processing of his appeals. Petitioner requests a court order, directing CSP-Sacramento to send him his property and requiring Mule Creek State Prison to take care of his property. (Pet. at 1-5.)

**ANALYSIS**

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Rather, petitioner challenges conditions of his confinement. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for

a prisoner seeking to challenge the conditions of his confinement.[1] 42 U.S.C. § 1983; <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991).

Petitioner is also advised that the district court has original jurisdiction to issue writs of mandamus pursuant to 28 U.S.C. § 1361. However, federal court jurisdiction under § 1361 is limited to writs of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts do not have the power to direct state agencies to perform certain duties. <u>See</u>, <u>e.g.</u>, <u>Robinson v. Cal. Bd. of Prison Terms</u>, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("[F]ederal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties."); <u>Garner v. Wrigley</u>, No. CIV F-06-1271 OWW TAG HC, 2007 WL 4287816 at *2 (E.D. Cal. Dec. 6, 2007) (a request for a writ of mandamus requiring respondent to show cause why petitioner should not be transferred to a minimum security facility found to concern conditions of confinement and therfore not properly brought in a habeas corpus proceeding); <u>see</u> <u>also</u> <u>Demos v. U.S. Dist. Ct. for the E. Dist. of Wash.</u>, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (request for a writ of mandamus "to compel a state court to take or refrain from some action" was frivolous as a matter of law).

---

[1] Petitioner is cautioned that the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has considered "whether or not a remedial scheme is 'available' where . . . the administrative process has authority to take some action in response to a complaint, but not the remedial action an inmate demands to the exclusion of all other forms of redress." <u>Booth v. Churner</u>, 532 U.S. 731, 736 (2001). The Supreme Court concluded that Congress has mandated exhaustion of prison administrative procedures "regardless of the relief offered through [such] procedures." <u>Id.</u> at 741. In addition, the Court emphasized that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." <u>Id.</u> at 741 n.6. If petitioner elects to pursue a civil rights action under § 1983, he is advised that a prisoner's concession to nonexhaustion is a valid ground for dismissal of such an action. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003). If a court concludes that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." <u>Id.</u> Finally, petitioner is informed that if he decides to file a civil rights action, he should not use this case number on any complaint he elects to file in that separate action.

Accordingly, for the reasons discussed above, petitioner's petition for writ of mandamus should be denied, and this action should be dismissed without prejudice to filing a civil rights action.

**CONCLUSION**

IT IS HEREBY ORDERED:

1. Petitioner's January 9, 2009 application to proceed in forma pauperis (Doc. No. 7) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's November 21, 2008 petition for writ of mandamus (Doc. No. 1) be denied; and

2. This action be dismissed without prejudice to filing a civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
scot3151.156

4